IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, ex. rel )
REVEREND WESLEY CARROLL            )
                                   )
        vs.                        )   CIVIL No. 10-1648
                                   )
THE UNITED STATES DISTRICT COURT   )
FOR THE WESTERN DISTRICT OF        )
PENNSYLVANIA AND CLERKS OFFICE     )

## MEMORANDUM

Gary L. Lancaster,                        December 28, 2010
Chief Judge.

        Plaintiff, Wesley Carroll, a Pennsylvania state prisoner
proceeding pro se, filed this Freedom of Information Act (FOIA)
action pursuant to 5 U.S.C. § 552, et seq. Plaintiff seeks
injunctive relief, the imposition of fines, attorneys' fees, and
costs. For the reasons set forth below, plaintiff's complaint will
be dismissed.

        A district court may sua sponte dismiss a case filed in
it if "the action is frivolous or malicious." 28 U.S.C. § 1915(d).
In Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court
explained the two instances in which a district court may dismiss a
complaint pursuant to section 1915(d). First, it may dismiss when
the "factual contentions are clearly baseless," such as when
allegations are the product of delusion or fantasy. Id. 109 S.Ct.
at 1833. Or, second, it may dismiss when the claim is "based on an

indisputably meritless legal theory." Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990)

Mr. Carroll, a self-proclaimed "reverend," has a lengthy criminal history and Carroll is currently incarcerated in a Pennsylvania State Corrections institution. Moreover, Mr. Carroll is a frequent filer of pro se actions in both in District Court and in the Court of Appeals for the Third Circuit. [1]

Many, if not all, of his complaints have been dismissed. His complaints are not always comprehensible and the facts within are unsupported. See Carroll v. Prothonotary, No. 08-1683 (W.D. Pa. December 9, 2009). Mr. Carroll has now been denied the right to file complaints in forma pauperis because he filed at least three frivolous complaints within the contemplation of the Prison Litigation Reform Act, 28 U.S. 1915, et seq. Carroll v. Clerk of Court et. al., No. 08-1684 (W.D.Pa. December 9, 2009)(Schwab, J.; see Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (creating "three strikes" rule for defendants proceeding in forma pauperis). Thus, Mr. Carroll is no longer eligible to bring a civil action or appeal a judgment in a court in the United States in forma pauperis unless he is under "imminent danger of serious physical injury." 28 U.S. 1915(g).

---

[1] Wesley Carroll appears to have filed 89 cases in United States district court and 37 cases in the Court of Appeals, 19 of which were in the Court of Appeals for the Third Circuit.

This time around, Mr. Carroll choose to file the complaint without filing an application to proceed in forma pauperis and without paying a filing fee. He has filed what appears to be a civil rights complaint. The complaint asserts that the government fails to function, is broken and is "allowing corruption and abuses and retaliations." [Doc. No. 1]. [2] Mr. Carroll contends that the named defendants, the Western District of Pennsylvania, inter alia, have violated FOIA and "refus[ed] and fail[ed] to comply and supply records and documents plaintiff has requested, nearly continuously for two years." [Id.]. By way of relief, plaintiff seeks injunctive relief, inter alia, directing the defendants to supply the information. [Id.].

First, pursuant to the 28 U.S.C. § 1915(b), prisoners are required to pay full filing fees, particularly if not filing pursuant to an in forma pauperis application. Therefore, plaintiff's complaint will be dismissed for failure to pay filing fees.

Second, viewing Plaintiff's complaint most generously, it appears that not only has plaintiff not met the threshold of showing "an imminent danger of serious physical injury," which is is required if he wanted to proceed in forma pauperis, but he has

3

filed a complaint that is without merit and has also failed to state any claim for which relief can be granted under FOIA.

Section 552 of Title 5 of the United States Code, upon which plaintiff relies as the basis of his claim, provides that governmental "agencies" shall make available certain public information at no cost. The applicable definition section, however, provides that the term "agency" does not include the courts of the United States. 5 U.S.C. § 551; Benjamin v. Fuller, 2005 WL 1136864, 1 (M.D.Pa. 2005). Plaintiff's request was made to the United States District Court of the Western District of Pennsylvania, and therefore, from the plain language employed by the statute, FOIA is inapplicable. Accordingly, because Mr. Carroll is unable to state an appropriate claim and failed to pay a filing fee, Mr. Carroll's complaint will be dismissed.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, ex. rel )
REVEREND WESLEY CARROLL             )
                                    )
        vs.                         )    CIVIL No. 10-1648
                                    )
THE UNITED STATES DISTRICT COURT    )
FOR THE WESTERN DISTRICT OF         )
PENNSYLVANIA AND CLERKS OFFICE      )

ORDER

AND NOW, this 28 day of December, 2010, IT IS HEREBY

ORDERED that this complaint is dismissed with prejudice.


BY THE COURT:

_____, C. J.


cc:  All Counsel of Record